UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Civil File No.: 16-CV-01098-JRT-LIB

**Tyler Paul Gottwalt**
    **Plaintiff**

**v.**

**Assistant Chief of Police Jeffery Oxton,** individually, and in his official capacity;
**Sergeant Ellering,** individually, and in his official capacity;
**Tracy Peacock**, individually, and in his official capacity; and
**The City of Saint Cloud.**

    **Defendants**

**PLAINTIFF'S AMENDED COMPLAINT AND JURY DEMAND AND DECLARATORY JUDGMENT RELIEF PURSUANT TO 28 U.S.C. §2201 and 2202**

**TO:**   **Defendants above-named and their respective attorneys. This is an action for damages brought pursuant to 42 U.S.C. §§1983, Second, Fourth, Fifth, Fourteenth Amendments to the United States Constitution, and Relief Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201.**

## DEFENDANT PARTIES

1. Defendant Assistant Chief of Police Jeffery Oxton (hereinafter "Assistant Chief Oxton") is employed by the City of Saint Cloud Police Department and is a Minnesota resident.

2. Defendant Sergeant Ellering (hereinafter "Sgt. Ellering") is employed by the City of Saint Cloud Police Department and is a Minnesota resident.

3. Defendant Tracy Peacock (hereinafter "Officer Peacock") is employed by the City of Saint Cloud Police Department and is a Minnesota resident.

4. Defendant City of Saint Cloud is a municipality in the State of Minnesota.

## OTHER UNNAMED PARTIES

5. Assistant City Attorney Luke Godzala (hereinafter "Mr. Godzala") is employed by the City of Saint Cloud Attorney's Office and is a Minnesota resident.

6. Officer Jeremy Welsh, (hereinafter "Officer Walsh") is an employee of the City of Sauk Rapids and is a Minnesota resident.

7. Chief of Police Perry Beise, (hereinafter "Chief Beise") is an employee of the City of Sauk Rapids and is a Minnesota resident.

8. All acts alleged occurred in the State of Minnesota.

## JURISDICTIONAL STATEMENT

9. The acts complained of occurred in this judicial district. This is an action for damages brought pursuant to 42 U.S.C. §§1983, 1988, Second, Fourth, Fifth, Fourteenth Amendments of the United States Constitution and Declaratory Relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202.

10. This Court has jurisdiction of the federal questions subject to 28 U.S.C. §1331 and also supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. §1367.

## GENERAL BACKGROUND

11. On or about November 17, 2014, Plaintiff Tyler Gottwalt (hereinafter "Mr. Gottwalt") was walking in the City of Saint Cloud while carrying his rifle on his back. Mr. Gottwalt was also carrying in his person a valid permit to "carry" a firearm pursuant to Minn. Stat. § 624.714 (Commonly known as a "conceal-carry permit.")

12. Mr. Gottwalt was falsely arrested while walking in the public with his rifle on his back. After Jeffery Oxton, Sgt. Ellering, Officer Peacock, Chief Beise and Officer Welsh conferred with their respective City and County attorneys and learned that Mr. Gottwalt did not violate any State laws, they refused to release him.

13. The City of Sauk Rapids police officers released Mr. Gottwalt into the custody of the City of Saint Cloud police officers above-named. Saint Cloud police officers above-named refused to release Mr. Gottwalt but charged him with a vague, overbroad and unconstitutional City of Saint Cloud Ordinance 1060.

14. The City of Saint Cloud Ordinance 1060 regulates conduct that the State of Minnesota intended its State law to exclusively occupy because Minnesota Statute, Section §624.714 governs the permit to carry weapons in the State. It sets forth the exclusive nature of the statute to wit:

> **Subdivision 23, Exclusivity: This section sets forth the complete and exclusive criteria and procedures for the issuance of permits to carry and establishes their nature and scope. No sheriff, police chief, governmental unit, government official, government employee, or other person or body acting under color of law or governmental authority may change, modify, or supplement these criteria or procedures, or limit the exercise of a permit to carry.**

15. Minnesota law clearly permits Mr. Gottwalt to carry a rifle in public because Minnesota Statute §624.7181 governs firearms in public places. It states:

> **Subdivision 1, Definitions: For purposes of this section, the following terms have the meanings given them.**
> **(a) "BB gun" means a device that fires or ejects a shot measuring .18 of an inch or less in diameter.**
> **(b) "Carry" does not include:**
> **(1) the carrying of a BB gun, rifle, or shotgun to, from, or at a place where firearms are repaired, bought, sold, traded, or displayed, or where hunting, target shooting, or other lawful activity involving firearms occurs, or at funerals, parades, or other lawful ceremonies;**
> **(2) the carrying by a person of a BB gun, rifle, or shotgun that is unloaded and in a gun case expressly made to contain a firearm, if the case fully encloses the firearm by being zipped, snapped, buckled, tied, or otherwise fastened, and no portion of the firearm is exposed;**
> **(3)** *the carrying of a BB gun, rifle, or shotgun by a person who has a permit under section 624.714*;
> **(4) the carrying of an antique firearm as a curiosity or for its historical significance or value; or**

4

> **(5) the transporting of a BB gun, rifle, or shotgun in compliance with section 97B.045.**
> **(c) "Public place" means property owned, leased, or controlled by a governmental unit and private property that is regularly and frequently open to or made available for use by the public in sufficient numbers to give clear notice of the property's current dedication to public use but does not include: a person's dwelling house or premises, the place of business owned or managed by the person, or land possessed by the person; a gun show, gun shop, or hunting or target shooting facility; or the woods, fields, or waters of this state where the person is present lawfully for the purpose of hunting or target shooting or other lawful activity involving firearms.**
>
> **Subdivision 2, Penalties: Whoever carries a BB gun, rifle, or shotgun on or about the person in a public place is guilty of a gross misdemeanor. A person under the age of 21 who carries a semiautomatic military-style assault weapon, as defined in section 624.712, subdivision 7, on or about the person in a public place is guilty of a felony.**

16. Mr. Gottwalt did not violated the State statute because he had a permit to carry his rifle pursuant to Minnesota Statute §624.714, but the City of Saint Cloud by it Ordinance Section 1060 contended that Mr. Gottwalt violated its ordinance which states:

    > **Use of Weapons, Guns: No person except a police officer in the performance of duty will, within the City, discharge any gun, pistol, firearm of any description or *carry* any such weapon unless it is dismounted or broken apart or carried in a case in a manner that it cannot be discharged. This subdivision does not prevent the carrying of a handgun within the City under a permit subject to the restrictions imposed by law (emphasis added).**

17. The City of Saint Cloud Ordinance is preempted by both State law and the Second Amendment of the United States Constitution. The City ordinance is

5

overly broad as it makes it unlawful to bear arms in the City of Saint Cloud. The bearing of arms is an act that is protected under the Second Amendment of the United States Constitution. The same right is also provided and protected by Chapter 624 of the Minnesota Statutes.

18. Pursuant to Minnesota Statute 471.633 regarding firearms, the legislation clearly "preempts all authority of a home rule charter or statutory city including a city of the first class, county, town, municipal corporation, or other governmental subdivision, or any of their instrumentalities, to regulate firearms, ammunition, or their respective components to the complete exclusion of any order, ordinance or regulation by them except that:
(a) a governmental subdivision may regulate the discharge of firearms; and
(b) a governmental subdivision may adopt regulations identical to state law. Local regulation inconsistent with this section is void." The City of Saint Cloud Ordinance 1060 is inconsistent with State law and is therefore void.

19. Mr. Gottwalt was criminally charged (File 73-CR-14-10138). Ultimately, before the trial, the Honorable Judge Vicki E. Landwehr orally informed the parties that she would be dismissing the case and denied the City's request to amend the complaint to add a misdemeanor disorderly conduct charge against Mr. Gottwalt. The Judge denied the request and accordingly cancelled the jury panel and the trial.

20. Before Judge Vicki E. Landwehr could issue her written dismissal order, Assistant City Attorney Luke Godzala dismissed the charge and refiled the same charge that the Judge earlier denied. To avoid detection by Judge Vicki E. Landwehr, Assistant City Attorney Luke Godzala filed the same charge under a different file number (73-CR-15-9060) and did not notify Judge Lanwehr about the refiling.

21. As a result of the new charge filed against Mr. Gottwalt, he expended more resources to hire counsel who motioned for dismissal of the charge again. The Honorable Judge William Cashman who presided over the plea hearing, forwarded the case to Judge Vicke E. Lanwehr who ultimately dismissed the charge again.

22. As a direct and proximate result of Defendants' actions, Mr. Gottwalt suffered the following damages:

    a. Violation of his constitutional rights under the Second, Fourth, Fifth, and Fourteenth Amendments of the United States Constitution to be free from an unreasonable search and seizure;

    b. Loss of physical liberty;

    c. Pecuniary Loss; and

    d. Emotional Distress.

23. The Defendants' actions violate the following clearly established and well-settled state and federal constitutional rights of Mr. Gottwalt:

a. Freedom from the unreasonable search and seizure of his person;

b. Freedom from false arrest;

c. Freedom from illegal imprisonment;

d. Freedom from abridging his right to bear arms and

e. Freedom from malicious prosecution.

## FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 against Individual Defendants
### Right to Bear Arms
### (Jeffery Oxton, Sergeant Ellering, and Tracy Peacock)

24. Paragraphs 1 through 23 are incorporated herein by reference as though fully set forth: Defendants Jeffery Oxton, Sergeant Ellering, and Tracy Peacock intentionally deprived Plaintiff Mr. Gottwalt's right to carry his firearm in public in the City of Saint Cloud, Minnesota.

25. Plaintiff Mr. Gottwalt claims that Defendants Jeffery Oxton, Sergeant Ellering, and Tracy Peacock violated his rights as set forth by 42 U.S.C. §1983, through the Due Process Clause of the Fourth and Fourteenth Amendments as they incorporate the Second Amendment of the United States Constitution.

26. As a result of Defendant's actions, Plaintiff Mr. Gottwalt suffered damages as aforesaid.

**SECOND CAUSE OF ACTION**
**42 U.S.C. § 1983 against Individual Defendants**
**False Arrest and Illegal Imprisonment**
**(Jeffery Oxton, Sergeant Ellering, and Tracy Peacock)**

27. Paragraphs 1 through 26 are incorporated herein by reference as though fully set forth.

28. Defendants Jeffery Oxton, Sergeant Ellering, and Tracy Peacock knew that Plaintiff violated no laws by carrying his firearm, but they intentionally and illegally arrested and imprisoned Plaintiff Mr. Gottwalt's in violation of his Second, Fourth and Fourteenth Amendment rights.

29. As a result of the illegal arrest and illegal imprisonment, Plaintiff Mr. Gottwalt suffered damages as aforesaid.

**THIRD CAUSE OF ACTION**
**42 U.S.C. §1983 against the City of Saint Cloud**
**(*Monell v. Department of Soc. Svcs.*, 436 U.S. 658 (1978))**

30. Paragraphs 1 through 29 are incorporated herein by reference as though fully set forth.

31. Defendant City of Saint Cloud through its Ordinance Section 1060 as well as its custom and practice through it employees, intentionally abridged Plaintiff Gottwalt's constitutional rights that are protected by the Second Amendment of the United States Constitution. Plaintiff Gottwalt's Second Amendment right is settled law as expressed by *McDonald v. Chicago*, 130 S. Ct. 3020

(2010) and *District of Columbia v. Heller*, 128 S.Ct. 2783 (2008). Plaintiff Gottwalt's rights to carry his firearm in public is settled as expressed by Minn. Stat. §§624.7181.

32. As a result of Defendant City of Saint Cloud and its employees' actions, Plaintiff Mr. Gottwalt suffered damages as aforesaid.

## FOURTH CAUSE OF ACTION
**State Law Malicious Prosecution Against Individual Defendants**

33. Paragraphs 1 through 32 are incorporated herein by reference as though fully set forth.

34. Defendant City of Saint Cloud and its employees' action against Plaintiff Mr. Gottwalt was brought without probable cause or with reasonable belief that Plaintiff Mr. Gottwalt would ultimately prevail on the merits.

35. Defendants Jeffery Oxton, Sergeant Ellering, Tracy Peacock and other City of Saint Cloud employees knew that Plaintiff Gottwalt violated no laws, but they continued in their illegal actions and prosecuted Plaintiff Gottwalt with malicious intent.

36. Plaintiff Mr. Gottwalt ultimately prevailed after incurring significant financial losses and emotional distress.

37. As a result of Defendant City of Saint Cloud and it employees' actions, Plaintiff Mr. Gottwalt suffered damages as aforesaid.

# FIFTH CAUSE OF ACTION
## Declaratory Relief Against the City of Saint Cloud
## Pursuant to the Declaratory Judgment Act
## 28 U.S.C. §§ 2201 and 2202

38. Paragraphs 1 through 37 are incorporated herein by reference as though fully set forth.

39. Plaintiff Mr. Gottwalt, pursuant to 28 U.S.C §2201(a) and §2202, moves the Court to determine and declare that the City of Saint Cloud Ordinance Section 1060 is vague, overbroad and unconstitutional, as it violates the Second Amendment of the United States Constitution and is preempted and voided by Minnesota Statute §624.7181 and Minn. Stat. §471.633.

**WHEREFORE,** Plaintiff Gottwalt requests that this Court find that:

A. Defendants are jointly and severally liable to Plaintiff Gottwalt for damages in excess of Seventy Five Thousand Dollars ($75,000) as allowed by appropriate laws and statutes;

B. Award compensatory damages to Plaintiff Gottwalt against Defendants, jointly and severally in excess of Seventy Five Thousand Dollars ($75,000);

C. Award cost of this action to Plaintiff Gottwalt;

D. Award reasonable attorney's fees and costs to Plaintiff Gottwalt; and

E. Award such other and further relief, as this Court may deem appropriate.

Date:   May 10, 2016                **KENNETH UBONG UDOIBOK, P.A.**

                                    /s/ Kenneth U. Udoibok
                                    Kenneth U. Udoibok #026252
                                    The Flour Exchange Building
                                    310 Fourth Avenue South, Suite 5010
                                    Minneapolis, MN 55415
                                    612-808-6031 (voice)
                                    612-808-6031 (fax)
                                    K@KenULaw.com

                                    **ATTORNEY FOR THE PLAINTIFF**