UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| TYLER PAUL GOTTWALT,<br><br>Plaintiff,<br><br>v.<br><br>JEFFERY OXTON, LORI ELLERING, and, TRACY PEACOCK, *individually and in their official capacities*, and the CITY OF ST. CLOUD,<br><br>Defendants. | Civil No. 16-1098 (JRT/LIB)<br><br><br><br>MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

Kenneth U. Udoibok, **KENNETH UBONG UDOIBOK, P.A.**, 310 Fourth Avenue South, Suite 5010, Minneapolis, MN 55415, for plaintiff.

Mark P. Hodkinson and Uzodima F. Aba-Onu, **BASSFORD REMELE**, 100 South Fifth Street, Suite 1500, Minneapolis, MN 55402, for defendants.

Defendants Assistant Police Chief Jeffrey Oxton, Sergeant Lori Ellering, and Officer Tracy Peacock, of the St. Cloud Police Department (collectively, the "Individual Defendants") arrested Plaintiff Tyler Paul Gottwalt for carrying an AK-47[1] in public. The Stearns County District Court, however, ultimately dismissed the charges. Gottwalt then initiated this action against the Individual Defendants and Defendant City of St. Cloud (collectively "the Defendants"). Because Minnesota law does not permit an

---

[1] An "AK-47" is an Automatic Kalashnikov 1947 Soviet assault rifle. *See AK-47*, Britannica Academic, http://academic.eb.com/levels/collegiate/article/AK-47/5254 (last visited Mar. 28, 2017).

individual to publicly carry an AK-47 while in possession of a valid permit to carry a weapon, and because laws outlawing the public carrying of an AK-47 are not unconstitutional under the Second Amendment, the Court will grant the Defendants' motion to dismiss Gottwalt's claims.

## BACKGROUND

On November 17, 2014, the Individual Defendants, along with Sauk Rapids police officers, arrested Plaintiff Tyler Paul Gottwalt as he walked from the City of St. Cloud across a bridge into the City of Sauk Rapids openly carrying a Kalashnikov AK-47. (Am. Compl. ¶¶ 11-14, May 10, 2016, Docket No. 4; Pl.'s Mem. of Law in Opp'n to Defs.' Rule 12(c) Mot. to Dismiss ("Pl.'s Mem. in Opp'n") at 1, Aug. 25, 2016, Docket No. 23.)  At the time, Gottwalt also possessed a permit to carry a weapon pursuant to Minn. Stat. § 624.714.  (Am. Compl. ¶ 11.)

The Sauk Rapids police allegedly realized that Gottwalt violated no laws and left him in the custody of the Individual Defendants. (*Id.* ¶ 13.)  The Individual Defendants assert that after consulting with the St. Cloud Attorney's Office, they charged Gottwalt with violating a local ordinance, City of St. Cloud, Minnesota, Ordinances, ch. X, § 1060:00 (2007) (the "Ordinance"), for possessing a semiautomatic military-style assault weapon. (Defs.' Mem. in Supp. of Mot. to Dismiss at 4, Aug. 4, 2016, Docket No. 17.)[2] Gottwalt, however, alleges that St. Cloud attorneys informed the Individual Defendants

---

[2] The Ordinance prohibits carrying "any gun, pistol, or firearm . . . unless it is dismounted or broken apart or carried in a case in a manner that it cannot be discharged," in the absence of "a permit subject to the restrictions imposed by law."  § 1060:00.

that Gottwalt did not violate any state laws, yet the Individual Defendants refused to release Gottwalt.  (Am. Compl. ¶ 12.)

On three occasions, the Stearns County District Court considered Gottwalt's charges for violating the Ordinance and ultimately dismissed the charges.  In its first decision, on June 2, 2015, the court rejected Gottwalt's argument that Minnesota law allows the open carrying of an AK-47 with a permit, preempts, in conflict with the Ordinance.  The court explained that

> an individual with a permit [to carry a weapon pursuant to Minn. Stat. § 624.714] may carry a pistol, rifle or shotgun, but only if that firearm meets the definition of "pistol" as defined in Minn. Stat. § 624.712, subd. 2. . . . [However,] an AK-47 does not fit the statutory definition of "pistol."

(Answer, Ex. A at 2, 6, June 1, 2016, Docket No. 7.)  Subsequently, on June 10, 2015, the court determined that the Ordinance was not unconstitutionally vague or overly broad because "[t]he only reasonable interpretation of the [O]rdinance is that the city intended to enact legislation 'identical to state law.'"  (*Id.*, Ex. B at 11-12 (quoting Minn. Stat. § 471.633).)  However, on December 11, 2015, the court granted Gottwalt's motion to dismiss his charges, holding that Minn. Stat. § 624.7181 was ambiguous and resolving the ambiguity in favor of Gottwalt.  (*Id.*, Ex. C at 14-17.)  The court noted that

> [o]n the one hand, Minn. Stat. § 624.7181 certainly implies that a § 627.714 permit holder may carry any type of rifle in public.  However, Minn. Stat. § 624.714 appears to concern itself with only pistols and common sense dictates that the legislature could not have intended for individuals to be allowed to walk on public sidewalks armed with AK-47 rifles.

(*Id.* at 17.)

On April 27, 2016, in connection with his arrest, Gottwalt initiated this action against the Individual Defendants as well as Defendant City of St. Cloud (collectively "the Defendants"). (Compl. ¶¶ 1-4, Apr. 27, 2016, Docket No. 1.) Gottwalt claims that the Ordinance is vague, overbroad, unconstitutional, and preempted by Minnesota law. (Am. Compl. ¶¶ 38-39.) Gottwalt also claims: the Ordinance abridges Gottwalt's Second Amendment right to bear arms; the Individual Defendants violated 42 U.S.C. § 1983 through the Due Process Clause of the Fifth[3] and Fourteenth Amendments as they incorporate the Second Amendment; the Individual Defendants violated § 1983 by their false arrest and illegal imprisonment of Gottwalt; and the Individual Defendants maliciously prosecuted Gottwalt as a matter of state law. (*Id.* ¶¶ 24-37.) The Defendants moved to dismiss Gottwalt's claims on August 4, 2016.

Because Minnesota law does not permit an individual to publicly carry an AK-47 while in possession of a valid permit to carry a weapon, and because laws outlawing the public carrying of an AK-47 are not unconstitutional under the Second Amendment, the Court will grant the Defendants' motion to dismiss Gottwalt's claims.

## DISCUSSION

**I.    STANDARD OF REVIEW**

In reviewing a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), the Court considers all facts alleged in the complaint as true to determine if the complaint "state[s] a claim to relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d

---

[3] The Amended Complaint refers to the Fourth rather than the Fifth Amendment. The Court assumes this was a typo.

585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  To survive a motion to dismiss, a complaint must provide more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'"  *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Although the Court accepts a complaint's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility,'" and therefore must be dismissed.  *Id.* (quoting *Twombly*, 550 U.S. at 557).

## II.     MINNESOTA STATUTES AND ORDINANCE

The parties' predominant dispute is whether the St. Cloud Ordinance is consistent with the applicable Minnesota statutes.  Gottwalt asserts that the Ordinance conflicts with Minn. Stat. § 624.7181 because the Ordinance criminalizes carrying a rifle, while § 624.7181 allows "the carrying of a BB gun, **rifle**, or shotgun by a person who has a permit under section 624.714."  § 624.7181, subd. 1(b)(3) (emphasis added).  Gottwalt asserts that the Minnesota legislature views an "AK-47" as a "rifle," because Minn. Stat. § 624.712 describes an AK-47 as an "Avtomat Kalashnikov (AK-47) semiautomatic **rifle**

type."[4] § 624.712, subd. 7(1)(i) (emphasis added). Thus, Gottwalt maintains the Ordinance is void and the Individual Defendants unlawfully arrested and detained him. The Defendants respond that the Minnesota statutes and the Ordinance are consistent with each other because nothing in the Minnesota statutes allows an AK-47 to be publicly carried.

The Court must interpret and construe statutes so as to "ascertain and effectuate the intention of the legislature." Minn. Stat. § 645.16. Furthermore, the Court's construction must avoid absurd results and "statutes relating to the same subject are presumed to be imbued with the same spirit and to have been passed with deliberation and full knowledge of all existing legislation on the subject and regarded by the lawmakers as being parts of a connected whole." *State v. Clark*, 755 N.W.2d 241, 249 (Minn. 2008) (quoting *Kaljuste v. Hennepin Cty. Sanatorium Comm'n*, 61 N.W.2d 757, 762 (Minn. 1953)). "A statute should be interpreted, whenever possible, to give effect to all of its provisions; no word, phrase, or sentence should be deemed superfluous, void, or insignificant." *Am. Family Ins. Grp. v. Schroedl*, 616 N.W.2d 273, 277 (Minn. 2000) (internal citation and quotation marks omitted).

After careful consideration of all the relevant Minnesota statutes, the Court finds that Minnesota law, which allows an individual to carry a weapon in public while in possession of a valid permit, does not permit an individual to carry a military-style

---

[4] Gottwalt also argues that an AK-47 is a "rifle" according to the common meaning of the word. He cites to the United States Bureau of Alcohol, Tobacco, Firearms and Explosives as well as the Merriam-Webster definitions of "rifle."

assault weapon (including an AK-47). As a result, the Ordinance does not conflict with Minnesota law. Gottwalt's reliance solely on Minn. Stat. § 624.7181, subd. 1(b)(3), which allows "the carrying of a BB gun, rifle, or shotgun by a person who has a permit under section 624.714," is misguided, as he focuses on the word "rifle" but does not consider the remaining phrase, "who has a permit under section 624.714." In turn, § 624.714 – the statute governing weapon-carrying permits – solely and consistently refers to "pistols" but never mentions rifles, shotguns, or BB guns. *See, e.g.*, § 624.714, subd. 7(c) ("A permit to carry a pistol issued under this section expires five years after the date of issue.").

Thus, giving effect to both § 624.7181 and § 624.714, a permitted individual may carry a rifle or shotgun only if that weapon meets the definition of a "pistol." Minnesota statute defines a "pistol" as:

> a weapon designed to be fired by the use of a single hand and with an overall length less than 26 inches, or having a barrel or barrels of a length less than 18 inches in the case of a shotgun or having a barrel of a length less than 16 inches in the case of a rifle[.]

§ 624.712, subd. 2. The statute does not otherwise define "shotgun" or "rifle." Section 624.712, subd. 7 separately defines "[s]emiautomatic military-style assault weapon" to include a number of types of firearms, including the "Avtomat Kalashnikov (AK-47) semiautomatic rifle type," along with a number of other "rifle types" and "shotgun types." Throughout Minnesota's statutes regulating firearms, there are repeated references to "pistols" and "semiautomatic military-style assault weapons" as two distinct categories of regulated firearms. *See, e.g.*, Minn. Stat. § 624.711 ("It is not the intent of

the legislature to regulate [firearms] not defined as pistols or semiautomatic military-style weapons . . . ."); § 624.713 (defining the persons who are not entitled to "possess ammunition or a pistol or semiautomatic military-style assault weapon"). Thus, a "pistol" cannot include a semiautomatic military-style assault weapon, as such an interpretation would deem § 624.712, subd. 7 superfluous or insignificant. *See Am. Family Ins. Grp.*, 616 N.W.2d at 277 ("[N]o [statutory] word, phrase, or sentence should be deemed superfluous, void, or insignificant."). Additionally, the AK-47 Gottwalt was carrying does not meet the statutory definition of a "pistol" because, according to testimony submitted in state court, the barrel of that firearm was 17 inches. (Answer, Ex. A at 4.) Because Gottwalt was not in possession of a "pistol," but instead a "semiautomatic military-style assault firearm," Gottwalt was not authorized to publicly carry the AK-47 pursuant to § 612.714. Thus, the Court finds Minnesota law does not conflict with the Ordinance.

### III. CONSTITUTIONALITY

Gottwalt also asserts that the Ordinance is "overly broad as it makes it unlawful to bear arms in the City of Saint Cloud. The bearing of arms is an act that is protected under the Second Amendment of the United States Constitution." (Am. Compl. ¶ 17.) Gottwalt asserts that there is "controlling United States Supreme Court case law" that clearly establishes his right to bear arms provided by the Second Amendment and cites to *McDonald v. Chicago*, 561 U.S. 742 (2010), and *District of Columbia v. Heller*, 554 U.S. 570 (2008). (Pl.'s Mem. in Opp'n at 10-11.)

However, neither case support Gottwalt's broad proposition that the Second Amendment provides individuals with the unrestricted right to bear an AK-47 or any other type of military-style assault weapon. On the contrary, each case involves a discrete issue readily distinguishable from the instant action. In *Heller*, the Supreme Court held that the Second Amendment protects the right to keep and bear arms for the purpose of self-defense and struck down a federal law that banned the possession of handguns in the home. 554 U.S. at 635. In *McDonald*, the Supreme Court held "the Second Amendment right recognized in *Heller*" also applies to states. 561 U.S. at 791.

Gottwalt did not assert that his AK-47 was needed for the purpose of self-defense. Furthermore, his proffered authority does not support the right to carry such a weapon in public. In fact, the Supreme Court in *Heller* explained "[l]ike most rights, the right secured by the Second Amendment is not unlimited." 554 U.S. at 626. As Gottwalt's reliance on *Heller* and *McDonald* is misguided, the Court finds that the Ordinance is neither unconstitutional or overbroad with respect to the Second Amendment right to bear arms.

Furthermore, as Gottwalt failed to plead a Second Amendment violation as a matter of law, the Court will also dismiss Gottwalt's § 1983 claims of false imprisonment and false arrest. *Cook v. City of Bella Villa*, 582 F.3d 840, 848-49 (8th Cir. 2009) ("To state a claim under [42 U.S.C.] § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States . . . ." (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988))). Finally, as the Individual Defendants correctly deduced and lawfully reprimanded Gottwalt for carrying a semiautomatic military-style assault rifle in

accordance with the Ordinance, the Court will dismiss Gottwalt's malicious prosecution, false imprisonment, and false arrest claims.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss [Docket No. 15] is **GRANTED**.

2. Gottwalt's Amended Complaint [Docket No. 4] is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: March 28, 2017          ____s/ John R. Tunheim____
at Minneapolis, Minnesota.          JOHN R. TUNHEIM
         Chief Judge
         United States District Court